UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 20-232 (JRT/BRT) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| (36) Caitlin Colleen Schlussler, *also known as* Caitlin Colleen Schlusser, | |
| Defendant. | |

Harry Jacobs, Esq., Joseph H. Thompson, Esq., and Melinda A. Williams, Esq., United States Attorney's Office, counsel for Plaintiff.

Deborah K. Ellis, Esq., Ellis Law Office, counsel for Defendant Schlussler.

Defendant Caitlin Colleen Schlussler was indicted on counts for conspiracy to commit mail fraud and for wire fraud, along with forty-two other Defendants in a nationwide conspiracy to commit mail and wire fraud in the telemarketing of magazine subscriptions. (Doc. No. 15, Indictment.) Now before the Court is Defendant Schlussler's Motion to Suppress Statements Obtained in Violation of Her Privacy Protections under California Law. (Doc. No. 908, Def.'s Mot. to Suppress.) The Government filed a response opposing the motion. (Doc. No. 1068, Gov'ts Resp.) Defendant has agreed to submit this motion "on the motion and pleadings filed to date." (Doc. No. 1122, 2/17/22 Letter.) Based on the file, records, and submissions herein, and for the reasons stated below, this Court recommends that Defendant's motion to suppress statements be denied.

## DISCUSSION

In the Indictment, the Government alleges that numerous companies operated telemarketing call centers from which salespersons called victim-customers and misrepresented themselves as holding accounts for the customers' existing magazine subscriptions. One of the companies identified in the Indictment was Pacific Beach Readers Club. The Indictment states that Defendant Schlussler was the manager of Pacific Beach Readers Club's telemarketing call center in San Diego, California. (Indictment ¶ 5(mm).)

Defendant Schlussler moves to suppress statements obtained from her in a recorded call with another Defendant asserting it was recorded in violation of California law. (Def.'s Mot. to Suppress.) The parties have stipulated to the following facts:

> On September 15, 2020, while in Minnesota, Jared Michelizzi, while working with a government agent, placed a call to Ms. Schlussler in California. Mr. Michelizzi consented to the call being recorded; Ms. Schlussler was not advised that the call was being recorded.

(2/17/22 Letter 2.)

Defendant Schlussler argues that the recording of the call violated California law, which prohibits the recording of conversations without the consent of both parties to the conversation. (Def.'s Mot. to Suppress 1 (citing Cal. Penal Code § 632.7(a); *Kearney v. Salomon Smith Barney, Inc.*, 39 Cal. 4th 95, 45 Cal. Rptr.3d 730, 137 P.3d 914, 930 (2006)).) The Government asserts that this federal case is governed by federal law, which authorizes the recording of conversations with the consent of one party to the conversation. (Gov'ts Resp. 59–60 (citing 18 U.S.C. § 2511(2)(c); *United States v.*

2

*Corona-Chavez*, 328 F.3d 974, 978 (8th Cir. 2003) ("Title I [of the Electronic Communications Privacy Act of 1986] provides that it is not unlawful to intercept such a communication if a party to the communication has given prior consent to the interception.")).) Defendant Schlussler's motion therefore raises a purely legal question about whether the recording of her call with Defendant Michelizzi should be suppressed for violating a California law that prohibits the recording of conversations without the consent of both parties to the conversation.

Under federal law, consent of one party to a conversation is sufficient to permit "a person acting under color of law to intercept a wire, oral, or electronic communication." 18 U.S.C. § 2511(2)(c). California law goes further to protect the right of privacy by requiring that all parties consent to a recording of their conversation. Cal. Penal Code § 632.7(a). However, "[e]ven when state law goes further to protect the privacy rights of both parties to a conversation than does federal law, it is well settled that, in federal prosecutions, evidence admissible under federal law cannot be excluded simply because it would be inadmissible under state law." *United States v. Lora-Andres*, No. 4:13-CR-40035-01-KES, 2015 WL 5037993, at *2 (D.S.D. Aug. 26, 2015) (quotations omitted), *aff'd*, 844 F.3d 781 (8th Cir. 2016); *see also Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 666 (9th Cir. 2003) ("[E]vidence obtained in contravention of state law is admissible in federal court, so long as no federal law is thereby violated."); *United States v. Cormier*, 220 F.3d 1103, 1111 (9th Cir. 2000) (holding that violation of state law did not require suppression of evidence in federal court). Courts have repeatedly recognized that audio recordings are admissible in federal court so long as they were obtained in

3

accordance with federal law, even where the recordings violated state law. *See, e.g.*, *United States v. Covos*, 872 F.2d 805, 807 (8th Cir. 1989) (stating that "wiretap or other evidence obtained without violating the Constitution or federal law is admissible in a federal criminal trial even though obtained in violation of state law"); *United States v. Daniel*, 667 F.2d 783, 785 (9th Cir. 1982) (holding that recording of conversation between defendant and confidential informant was admissible in federal court despite state law prohibiting the recording of conversations without the consent of both parties); *United States v. Adams*, 694 F.2d 200, 201 (9th Cir. 1982) ("[E]vidence obtained from a consensual wiretap conforming to 18 U.S.C. § 2511(2)(c) is admissible in federal court proceedings without regard to state law.").

In this federal case, federal law governs the admissibility of the recording of Defendant Schlussler's call with Defendant Michelizzi. Under federal law, the government agent had the authority to record the conversation because one party to the conversation consented to the recording of the call. Because the government agent had the authority to record the conversation under federal law, the recording of Defendant Schlussler's call with Defendant Michelizzi is admissible in this case regardless of whether California law was violated. Since the recording of the call is admissible, Defendant's motion to suppress statements should be denied.

## RECOMMENDATION

Based on the file, record, and proceedings herein, and for the reasons stated above, **IT IS HEREBY RECOMMENDED** that:

1. Defendant Schlussler's Motion to Suppress Statements Obtained in

Violation of Her Privacy Protections Under California Law (Doc. No. 908) be **DENIED**.

Date:  March 23, 2022

                                           *s/ Becky R. Thorson*
                                           BECKY R. THORSON
                                           United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b), any party may file and serve specific written objections to this Report and Recommendation by **April 6, 2022**. A party may respond to those objections by **April 20, 2022**. All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 7 days from the date of its filing. If timely objections are filed, this Report will be considered under advisement from the earlier of: (1) 7 days after the objections are filed; or (2) from the date a timely response is filed.

**Transcript:** Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within **ten days** of receipt of the Report.